**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4467

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS MITCHELL STUCK,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Robert C. Chambers, District Judge. (CR-04-190)

Submitted: March 9, 2007          Decided: March 16, 2007

Before WILKINS, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew A. Victor, VICTOR, VICTOR & HELGOE, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Susan M. Arnold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal from a judgment and sentence in a criminal case. Following a jury trial in the district court for the Southern District of West Virginia, the defendant, Thomas M. Stuck was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) and of possession of stolen firearm transported in interstate commerce, in violation of 18 U.S.C. § 922(j) and 924(a)(2). Stuck was sentenced to a term of imprisonment of 264 months, supervised release of 5 years and a fine of $2,000. Stuck timely appealed both the conviction and the sentence. We have jurisdiction under 28 U.S.C. § 1291. For the reasons below we affirm.

I.

Defendant was charged in a two-count indictment on September 21, 2004, with violations arising out of his multiple possessions of stolen firearms. On January 5, 2005, a superceding four count indictment was returned against the defendant. Counts 1 & 2 of the superceding indictment charged the defendant with knowing possession of firearms despite previous felony convictions in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Counts 3 & 4 charged the defendant with knowing possession of a stolen firearm that was transported in interstate commerce, in violation of 18

2

U.S.C. § 922(j) and 924(a)(2). The relevant events that gave rise to the charges are as follows.

On September 5, 2003, the private residence of Cpl. Michael Greenhouse of the South Charleston Police Department was burglarized. Stolen were a duty issued firearm (Smith & Wesson model 4586), along with several Smith & Wesson magazines, a badge, and other credentials. The South Charleston Police and Bureau of Alcohol Tobacco and Firearms eventually identified the defendant as a person of interest in the theft.

At around the same time, a series of burglaries occurred in Kanawha and Putnam counties. West Virginia State Police identified the defendant as a suspect in these crimes.

On October 9, 2003, the State Police went to the defendant's house and questioned Stuck regarding the Kanawha and Putnam burglaries. It is undisputed that the officers read Stuck his Miranda rights, and that Stuck voluntarily waived these rights by signing a Miranda waiver card. While the State Police officers questioned Stuck, officers from the South Charleston Police and ATF arrived to question him about the Greenhouse burglary. The South Charleston officers arrived approximately two hours after the initial interrogation by the State Police began. The South Charleston officers confirmed with the State Police that Stuck had been advised of his Miranda rights and then personally reminded Stuck that he had waived his Miranda rights. Then the South

3

Charleston officers proceeded to question the defendant about he Greenhouse burglary. At least part of the interrogation occurred in the police cruiser.

At no time did either police agency inform Stuck that he was under arrest or not free to leave and end the conversation. During the conversation the defendant admitted to possessing the stolen Greenhouse pistol and selling it to a third party. The defendant denied actually stealing the gun. This confession (along with the testimony of Mr. Stuck's cousin, Henry Stuck) gave rise to counts 2 & 4 of the indictment. Counts 1 and 3 related to the burglaries in Kanawha and Putnam counties. Stuck was convicted on counts 2 and 4 and acquitted on Counts 1 and 3.

Following the conviction, the district court sentenced the defendant under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to a term of imprisonment of 264 months.

Stuck timely appealed both the conviction and the sentence.

On appeal Stuck raises several points. First, he argues that the sentence enhancement under the Armed Career Criminal Act was improper because his prior convictions were not proven to the jury.[1] Second, Stuck argues that the district court improperly refused to dismiss the indictment by denying his request to review grand jury information to assure himself that grand jurors were not

---

[1]Stuck stipulated to the jury that he has been previously convicted of felony offenses, but did not admit to any specific type of offense.

biased or predisposed against him.  Third, Stuck contends that the district court erred in denying his motion to suppress his statement to the South Charleston officers.  Fourth, Stuck challenges the district court's denial of his motion to sever counts 1 & 3 of the indictment from counts 2 & 4.  Finally, Stuck argues that the 22 year sentence imposed by the district court is "unreasonable, excessive and disproportionate."

We address each of the defendant's contentions in turn.

## II.

We are of opinion that each of the defendant's arguments is without merit and accordingly, we affirm the judgment of the district court in its entirety.

## A.

Stuck's first argument that his prior felony convictions needed to be proved to a jury beyond a reasonable doubt prior to being used for sentencing purposes is without merit.  The Court stated explicitly in <u>Booker</u> that the fact of a prior conviction need not be established by a jury.  <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005) ("Any fact (<u>other than a prior conviction</u>) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury

5

beyond a reasonable doubt.")(emphasis added).  The defendant argues that Shepard v. United States, 544 U.S. 13 (2005), casts doubt on the prior conviction exception first articulated in Almendarez-Torres v. United States, 523 U.S. 224 (1998).  We disagree.

Even if we had the power to ignore Almendarez-Torres and subsequent pronouncements in Booker, we still would disagree with Stuck's position.  The Shepard case that Stuck cites stands for the proposition that in reviewing past convictions for the purposes of present-day sentencing, the district court is allowed only to look "to statutory elements, charging documents, and jury instructions to determine" the nature of the prior offense.  544 U.S. at 16. Shepard did not hold, as Stuck suggests, that the very fact of prior convictions must be tried to a jury.  In the present case, the district court did not consider anything but proper sources, including charging documents, to determine the applicability of the Armed Career Criminal Act, and Stuck does not allege that it did so.  Accordingly, we affirm on this point.

B.

We are also unpersuaded by Stuck's argument that the district court should have dismissed the indictment for it improperly denied his motion to obtain information about grand jury proceedings. Stuck argues that it is possible that grand jurors were biased

6

against him because victims of his prior crimes may have been on the jury. Stuck, however, fails to allege that any specific juror was tainted. Instead he speculates that there is a possibility that one of the jurors might have been tainted. This is not enough to breach the grand jury's secrecy. The "indispensable secrecy of grand jury proceedings, must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. <u>But they must be shown with particularity</u>." <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958)(internal citations and quotations omitted, emphasis added). As Stuck fails to particularly plead any circumstance that would justify breaking the secrecy, his appeal on this issue necessarily fails.[2]

### C.

Stuck next argues that his confession to the South Charleston officers should have been suppressed. The argument lacks merit.

To begin with, Stuck does not even allege that at the time he made his confession he was in custody. This failure is fatal to

---

[2]It should not go unsaid that if we were to adopt Stuck's argument, a criminal defendant would have a license to rummage through the grand jury's records. In fact, under Stuck's argument, the longer the defendant's record, the more rights the defendant would have as the odds of having a victim of the prior crime on the grand jury would increase. We decline to adopt that rule and hold to the notion that all defendants should be subject to the same set of standards.

the argument.  "<u>Miranda</u> warnings need only be administered when the defendant is in custody."  <u>United States v. Uzenski</u>, 434 F.3d 690, 704 (4th Cir. 2006).

To be sure, Stuck argues that the district court already held that the interrogation was custodial and that the government concedes the point.  However, Stuck simply misconstrues the record.  During the oral argument on the motion to suppress in the district court, the court posed the question "what if I agree that as a practical matter he [the defendant] was in custody when he got into the police car?"  J.A. 98.  That is a far cry from <u>holding</u> that the defendant was actually in custody.  Nor does the government concede that Stuck was in custody.  Gov. Br. at 18.

In any event, we conclude that the defendant was properly advised of his <u>Miranda</u> rights by the State Police officers.  The mere fact that some time had elapsed from the beginning of questioning by the State Police until the questioning by the South Charleston Police does not vitiate the original <u>Miranda</u> warnings and waivers.  See <u>United States v. Frankson</u>, 83 F.3d 79, 83 (4th Cir. 1996) ("The mere passage of time, however, does not compromise a Miranda warning.").  Defendant would have us hold that every time the police wish to question a suspect about an additional crime they must read him his <u>Miranda</u> warnings anew and obtain a new consent.  We decline the invitation.  Defendant was well aware of his rights and knowingly and voluntarily waived them after being

8

properly advised of his <u>Miranda</u> rights.  Also, the South Charleston Police satisfied themselves, by advising the defendant personally, that his <u>Miranda</u> rights had already been explained to him.

D.

Next, Stuck argues that the district court erred in failing to sever the trial on counts 1 & 3 from counts 2 & 4 of the indictment.

Federal Rule of Criminal Procedure 8(a) allows joinder of the offenses when the offenses charged "are of the same or similar character."  Fed. R. Crim. P. 8(a).  Counts 1 & 3 of the indictment stemmed from the burglaries in the Kanawha and Putnam counties, while counts 2 & 4 stemmed from the Greenhouse burglary.  Both counts alleged that the defendant possessed firearms despite previous felony convictions and that he possessed stolen firearms that were transported in interstate commerce.  We thus conclude that the offenses charged are of the same or similar character.

Nor does the defendant allege (beyond bare recitation of the word "prejudice") that he qualified for a relief from joinder under Rule 14(a) of the Federal Rules of Criminal Procedure.  We have held that "the burden is on the defendant in his appeal following denial of a motion to sever to show that joinder was so manifestly prejudicial that it outweighed the dominate concern with judicial economy and compelled exercise of the court's discretion to sever."

9

<u>United States v. Acker</u>, 52 F.3d 509, 514 (4th Cir. 1995).  Stuck failed to carry the burden.  The fact that the jury acquitted him on two counts is evidence of careful consideration by the jury as it decided the conviction on the remaining two counts separately from the first two.

E.

"[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable."  <u>Green</u>, 436 F.3d at 457.  The defendant made no effort to rebut this presumption.  Accordingly, we conclude that the district court did not abuse its discretion in sentencing the defendant to a term of imprisonment of 264 months.

The judgment of the district court is accordingly

<u>AFFIRMED</u>.